849 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Silas CAMERON, Petitioner,
v.
ROBINSON PHILLIPS COAL COMPANY; Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 86-1225.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 2, 1987.
Decided: May 31, 1988.
 
 Richard G. Rundle (Rundle & Rundle, on brief), for petitioner.
 John Payne Scherer, Sr. (File, Payne, Scherer & Brown, on brief), for respondents.
 Before DONALD RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The petitioner in this case, Silas Cameron, seeks benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq. As Mr. Cameron's claim was filed on October 7, 1979, the Secretary of Labor's interim regulations apply. 20 C.F.R. pt. 727 (1978). After a hearing the administrative law judge (ALJ) determined that Cameron was not entitled to benefits. The Benefits Review Board affirmed the ALJ's decision. This appeal followed. We think the Board's decision is supported by substantial evidence, and affirm.
 
 
 2
 Silas Cameron worked approximately 19 years with the defendant, Robinson Phillips Coal Company, encompassing the period 1961 to 1980. Cameron's last employment was in June of 1980 at which time he resigned from his job as a supply truck driver with the defendant. He cited shortness of breath as the primary factor for giving up his job.
 
 
 3
 At the administrative hearing medical evidence was introduced consisting of X-Rays, pulmonary function tests, blood gas studies and examinations by physicians. The ALJ found that the interim presumption of disability under 20 CFR Sec. 727.203(a)(1) was invoked as Cameron had been engaged in mining in excess of ten years and had produced an X-ray establishing the existence of pneumoconiosis. With this presumption established, the ALJ shifted the burden to the employer to rebutt the presumption by a preponderance of the evidence.[1]
 
 
 4
 Five pulmonary function tests administered to Cameron were admitted into evidence. The results of four of these tests including the most recent test were non-qualifying under the Department of Labor guidelines. Four blood gas studies were non-qualifying.
 
 
 5
 The record contained physical examinations by four separate physicians. Of these, three, including the most recent examination, indicated that Cameron was not disabled from coal mine or comparable work. In weighing the medical evidence, the ALJ noted that one of the physicians, Dr. R.H. Nestmann, based his conclusion on an incorrect standard; thus, in his ascertainment of weight of evidence, he assigned less weight to Dr. Nestmann's opinion. The ALJ went on to conclude that the opinion of Dr. John M. Daniel, the most recent examining physician, was sufficient to rebutt the presumption of disability by a preponderance of the evidence.
 
 
 6
 With the presumption rebutted, the ALJ then considered Cameron's claim under Part 410 of the Regulations. Again on the basis of Dr. Daniel's examination, the ALJ found that Cameron did not have a totally disabling pulmonary impairment.
 
 
 7
 Our standard of review in a black lung benefit case is one of substantial evidence. Beaven v. Bethlehem Mines Corp., 741 F.2d 689, 691 (4th Cir.1984). The reviewing court may not duplicate the trier of fact's job of weighing the evidence. In this case the petitioner does not argue that the law has been misapplied or that the ALJ's findings are clearly erroneous but that the record supports an award of benefits. In a case such as this where the evidence is of a conflicting nature what the petitioner seeks is equivalent to a request for the reviewing court to reweigh the evidence. That we cannot do. Weighing the evidence is the province of the trier of fact, who is not bound to accept any particular testimony. Sykes v. Director, Office of Workers' Compensation Programs, 812 F.2d 890 (4th Cir.1987).
 
 
 8
 Petitioner also argues that a reversal is mandated by our recent decision in Sykes. In that case this court stated that the finding of no impairment under AMA standards does not necessarily equate to a finding that the claimant is capable of continuing coal mining work. That is not this case, for, here, the physician upon whose testimony the ALJ relied found that the claimant could carry out the normal endeavors required of a coal miner.[2]
 
 
 9
 The ALJ found that the petitioner invoked the interim presumption of disability and that the presumption was rebutted by a preponderance of the evidence indicating the claimant was able to work. This was sustained by the Board. There is substantial evidence to support that finding, and the order of the Board is
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 In considering the evidence and applying the regulations, the ALJ followed our decision in Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986) rev'd sub nom Mullins v. Director, Office of Worker's Compensation Programs, 56 USLW 4044 (Dec. 14, 1987). That case has since been reversed. As the ALJ found the interim presumption to have been rebutted however, the more stringent requirements of Mullins necessary to invoke the interim presumption will not affect the outcome of this case. See Mullins, 56 USLW at 4045, n. 8
 
 
 [2]
 There is an additional procedural difference between Sykes and this case. In Sykes the Benefits Review Board had used the no impairment finding under AMA standards to reverse the trier of fact's finding of impairment despite the fact that the ALJ had considered the contrary evidence and rejected it